IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCUS J. MASON, | § § | CIVIL ACTION NO. _____ |
| Plaintiff, | § § | (JURY DEMANDED) |
| v. | § § | |
| ALPHA SPACE TEST & RESEARCH ALLIANCE LLC | § § § | Removed from the District Court of Harris County, Texas, 55th Judicial District, Cause No. 2021-40816 |
| Defendant. | § § | |

# EXHIBIT B

(Pleadings asserting causes of action, *e.g.*, petitions, counterclaims, cross-actions, third-party actions, interventions and all answers to such pleadings)

1. Plaintiff's Original Petition

2. Civil Process Request

3. Defendant's Original Answer, Defenses, and Affirmative Defenses to Plaintiff's Original Complaint

Case 4:21-cv-03032   Document 1-2   Filed on 09/17/21 in TXSD   Page 2 of 19

7/7/2021 7:28 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 55136845
By: Marcella Hill
Filed: 7/7/2021 7:28 PM

Cause Nr.: _____

| | | |
|---|---|---|
| MARCUS J. MASON, | S | IN THE DISTRICT COURT |
| Plaintiff | S | |
| | S | |
| v. | S | HARRIS COUNTY, TEXAS |
| | S | |
| ALPHA SPACE TEST & RESEARCH | S | |
| ALLIANCE LLC | S | |
| Defendant | S | \_\_\_\_TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE STATE DISTRICT JUDGE:

COMES NOW, MARCUS J. MASON, Plaintiff, and complains of ALPHA SPACE TEST & RESEARCH ALLIANCE LLC, Defendant, and for causes of action would show the court as follows:

I.

## PARTIES

Plaintiff Marcus J. Mason is an individual residing in Harris County, Texas.

Defendant Alpha Space Test & Research LLC is a domestic limited liability company which may be served with process by serving its Registered Agent, Stephanie N. Murphy, at 930 Gemini Avenue, Houston, Texas 77058.

II.

## VENUE

Venue of this action is proper in Harris County, Texas because the parties reside or transact business in Harris County, Texas, the actions, events, and transactions which gave rise to the causes of action alleged herein took place in Harris County, Texas, and the causes of action alleged herein also accrued in Harris County, Texas.

III.

## NATURE OF LAWSUIT

This is a lawsuit involving employment discrimination and retaliation and is brought

Page 2

pursuant to the Texas Commission on Human Rights Act, Chapter 21.001 et seq. of the Texas Labor Code, as amended (Vernon's Texas Codes Annotated 2012). It also is brought pursuant to 42 USC Section 1981, as amended. Furthermore, it is also filed pursuant to Title VII of the Civil Rights Act of 1964, 42 USC Section 2000e et seq., as amended.

Defendant Alpha Space Test & Research Alliance LLC is an enterprise which has employed at least fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year and, therefore, is an "employer" within the meaning of Chapter 21.002(8)(A) of the Texas Labor Code, as amended. For the same reason it also is an "employer" under Title VII of the Civil Rights Act of 1964, 42 USC Section 2000e(a).

IV.

FACTS

Plaintiff is Black male and a "person" under 42 USC Section 1981(a). Defendant is a NASA subcontractor specializing in research. It discriminated against the Plaintiff because of his race, and retaliated against him for having complained of discrimination.

Defendant employed him as a technician. Defendant is owned by Stephanie Murphy, Principal Owner and Board Chairman. Mark M. Gittleman is President and CEO of the company. In September 2019 Gittleman issued the Plaintiff a verbal warning concerning comments Plaintiff allegedly made to female employees.

On October 24, 2019 Plaintiff responded to the verbal warning outlining, in a very cogent and thorough manner, why the verbal warning was inappropriate and uncalled for. In a long email to Wesley Gordon, Program Manager, Plaintiff explained that he had been singled out and discriminated against at work, and provided specific examples of discrimination and disparate treatment between himself and other employees.

Plaintiff repeatedly emphasized in his email that he, as a Black man, had been discriminated against. He also asked, in the same email, that he not be retaliated against for

Page 3

having complained of discrimination. Among others, Plaintiff factually explained how the company applied its time keeping procedures discriminatorily to him. He also indicated that similarly situated employees had failed to record their time in a manner satisfactory to the company but that they were not questioned, scolded or told that they had violated any company policies. Plaintiff also made it clear that he did not violate any of the company's policies.

The company admitted Plaintiff had not violated any policies with respect to timekeeping because on October 29, 2019, some five (5) days after he made his complaint of discrimination to Gordon, Defendant issued an update to its timekeeping policies to cover the gap and inconsistencies which Plaintiff pointed out in his complaint.

Regretfully, Plaintiff's complaint of discrimination was ill-received by the company. Defendant chose to terminate Plaintiff's employment in retaliation for his complaint of discrimination four (4) months after he had complained. This is retaliation. Additionally, the reason invoked for Plaintiff's termination, as outlined in the Separation Agreement, is false. Defendant did not experience an economic downturn to justify terminating only Plaintiff's position. Plaintiff was terminated effective March 5, 2020.

Subsequent to these events, on March 19, 2020, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and with the Texas Commission on Human Rights ("TCHR") against the Defendant alleging race discrimination and retaliation.

Plaintiff has filed this lawsuit within the two year statute of limitations provided for in the Texas Labor Code, as amended.

Page 4

On April 22, 2021 the EEOC issued the Plaintiff a right to sue thereby allowing him to sue the Defendant. Plaintiff has filed this action within ninety (90) days of his receipt of the right to sue.

V.

PLAINTIFF'S TCHR CAUSE OF ACTION FOR RACE DISCRIMINATION

Plaintiff realleges all factual allegations made in the preceding paragraphs and would show that Defendant is liable to him for race discrimination under the Texas Commission on Human Rights Act, as amended. At all times relevant to this lawsuit, Plaintiff was, on account of his race, Black, a member of a protected class. Defendant treated the Plaintiff less favorably in the terms and conditions of his employment than similarly situated employees because of his race, Black.

This discrimination is the proximate cause of both economic and mental damages suffered by the Plaintiff.

Plaintiff's race was a motivating factor in Defendant's decision to terminate his employment.

Plaintiff satisfied all jurisdictional and procedural prerequisites for bringing this cause of action.

VI.

PLAINTIFF'S TITLE VII CAUSE OF ACTION FOR RACE DISCRIMINATION

Plaintiff realleges all factual allegations made in the preceding paragraphs and would show that Defendant is liable to him for race discrimination under Title VII of the Civil Rights Act of 1964, as amended. At all times relevant to this lawsuit, Plaintiff was, on account of his race, Black, a member of a protected class. Defendant treated the Plaintiff less favorably in the terms and conditions of his employment than similarly situated employee because of his race,

Page 5

Black.

This discrimination is the proximate cause of both economic and mental damages suffered by the Plaintiff.

Plaintiff's race was a motivating factor in Defendant's decision to terminate his employment.

Plaintiff satisfied all jurisdictional and procedural prerequisites for bringing this cause of action.

VII.

PLAINTIFF'S CAUSE OF ACTION FOR RACE DISCRIMINATION (42 USC Section 1981)

Plaintiff realleges all factual allegations made in the preceding paragraphs and would show that Defendant is also liable to him for race discrimination under 42 USC Section 1981, as amended. At all times relevant to this lawsuit, Plaintiff was, on account of his race, a member of a protected class. Defendant treated the Plaintiff less favorably in the terms and conditions of his employment than its similarly situated employees in non-protected classes because of his race, Black. This discrimination is the proximate cause of both economic and mental damages suffered by the Plaintiff.

Plaintiff's race was a motivating factor in Defendant's decision to terminate his employment.

42 USC Section 1981 provides that all persons under the jurisdiction of the United States shall have the same right to make and enforce contracts and enjoy the equal benefit of all laws as White citizens. It further decrees that the making and enforcing of contracts includes performance of contracts, as well as the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

At all times relevant, Plaintiff's employment relationships with the Defendant constituted a contract of employment for purposes of 42 USC Section 1981.

Page 6

The unhindered performance and enjoyment of his contractual relationships with the Defendant was one of the privileges, terms, and conditions of Plaintiff's contractual relationship. Plaintiff was to enjoy these privileges, terms, and conditions in spite of his race. Defendant violated this statutory provision by fostering and allowing a hostile work environment to exist in Plaintiff's work place which violated and interfered with his contractual relationship because of his race, Black, and prevented the Plaintiff from enjoying the terms and conditions of his employment under that contractual relationship.

Defendant's actions toward the Plaintiff constitute an impairment of Plaintiff's contractual relationship. Plaintiff's contractual relationship was in existence at the time the interference and impairment occurred. Defendant's aggressive behavior toward the Plaintiff, motivated by Plaintiff's race, constitutes racial discrimination which impaired Plaintiff's contractual relationship. It interfered with Plaintiff's ability to perform under the contract and enjoy all the privileges, terms, and conditions of the contractual relationship.

Moreover, Plaintiff had rights under the contract. Defendant's conduct was intended to intimidate the Plaintiff into abandoning the terms and conditions under which Plaintiff could or was expected to discharge his obligations under the contractual relationship and made them onerous or more onerous than they would otherwise have been because of his race, Black.

As a party to a contractual relationship, Plaintiff had an interest protected by 42 USC Section 1981, namely to conduct business, work, and be compensated for his labor unimpeded by racial discrimination. He was privileged by law to work in a work environment that was free from discrimination. Defendant's racially motivated acts intentionally deprived the Plaintiff of the benefits of his contractual relationship.

42 USC Section 1981 guaranteed the Plaintiff a personal right to engage in economically significant activity free from racially discriminatory interference.

Furthermore, there was purposeful racial discrimination by the Defendant against the Plaintiff, directed intentionally at the Plaintiff, and which intended to impair the formation,

Page 7

performance, enforcement, or enjoyment by the Plaintiff of the benefits of his contractual relationship.

As a result of Defendant's actions, Plaintiff incurred significant monetary and compensatory damages.

Plaintiff would additionally show that Defendant's conduct was willful and malicious to an extent which justifies the imposition of punitive damages in an amount to be determined by the jury.

VIII.

PLAINTIFF'S CAUSE OF ACTION FOR UNLAWFUL RETALIATION

Plaintiff realleges all factual allegations made in the preceding paragraphs and would show that Defendant is further liable to him for unlawful termination of employment and retaliation under the Texas Commission on Human Rights Act, as amended, Title VII of the Civil Rights Act of 1964, as amended, and under 42 USC Section 1981, as amended.

By complaining to the Defendant about discrimination directed against him and by opposing unlawful employment actions directed toward him, Plaintiff engaged in activities protected by the law.

Defendant unlawfully retaliated against the Plaintiff for having engaged in protected activities, by eventually terminating his employment.

As a result of the unlawful termination of his employment and the retaliatory actions taken against him by the Defendant, Plaintiff suffered extensive economic and mental damages.

Plaintiff satisfied all jurisdictional and procedural prerequisites for bringing this cause of action.

IX.

CONDITIONS PRECEDENT

Pursuant to Rule 54 of the Texas Rules of Civil Procedure all conditions precedent to

Page 8

Plaintiff's right to recover damages against the Defendant have occurred or have been performed.

## X.

## ATTORNEY'S FEES

Defendant's refusal to abide by its obligations has made it necessary for Plaintiff to employ the undersigned attorney to file this lawsuit. As such, Plaintiff requests this court to award a reasonable fee for the attorney's services rendered and to be rendered herein under both customary and statutory law.

## XI.

## DAMAGES

Plaintiff is now suffering and will continue to suffer irreparable injury, monetary, emotional, actual, consequential, and compensatory damages as a result of Defendant's wrongful actions unless and until this court grants relief.

Defendant's actions toward the Plaintiff were done maliciously, willfully, or with reckless disregard for his rights, and therefore Plaintiff requests the imposition of exemplary damages as allowed by law.

## XII.

## JURY REQUEST

Plaintiff hereby requests a trial by jury and tenders the jury fee.

## XIII.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Marcus J. Mason prays that Defendant Alpha Space Test & Research Alliance, LLC be cited to appear and answer and that on final trial Plaintiff be granted relief as follows:

1. Judgment declaring that the acts and practices described herein violate the Texas Commission on Human Rights Act, as amended;

2. Judgment declaring that the acts and practices described herein violate Title VII

Page 9

of the Civil Rights Act of 1964, as amended;

     3.     Judgment declaring that the acts and practices described herein violate 42 USC Section 1981, as amended;

     4.     Judgment enjoining and permanently restraining these violations;

     5.     Judgment directing Defendant to pay Plaintiff actual, compensatory, and punitive damages on all counts;

     6.     Costs of suit and reasonable attorney's fees;

     7.     Prejudgment and postjudgment interest as provided by law; and

     8.     Such other and further relief, in law and in equity, to which Plaintiff may be justly entitled.

     Respectfully submitted,

     BY: //ss// *peter costea*

     _____
     Peter Costea
     TBN 04855900
     4544 Post Oak Place, Suite 350
     Houston, Texas 77027
     Tel. 713-337-4304
     Fax 713-237-0401
     Email: peter@costealaw.com
     ATTORNEY FOR PLAINTIFF
     MARCUS J. MASON

7/23/2021 8:10 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 55668970
By: Adiliani Solis
Filed: 7/23/2021 8:10 PM

## CIVIL PROCESS REQUEST FORM

**FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING**
**FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED**

**CASE NUMBER: 2021-40816** _____    **CURRENT COURT: 55th** _____

**TYPE OF INSTRUMENT TO BE SERVED** (*See Reverse For Types*): citation and lawsuit_____

**FILE DATE OF MOTION:** _____
                                                     Month/       Day/         Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**1.   NAME:** Alpha Space Test & Research Alliance LLC c/o Registered Agent, Stephanie N. Murphy, at 930 Gemini Avenue, Houston, Texas 77058. _____

   ADDRESS: _____
   AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

   **SERVICE BY** (*check one*):
   ☐ **ATTORNEY PICK-UP**                    ☐ **CONSTABLE**
   ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____ Phone: _____
   ☐ **MAIL**                                 ☐ **CERTIFIED MAIL**
   ☐ **PUBLICATION:**
        Type of Publication:   ☐ **COURTHOUSE DOOR,  or**
                               ☐ **NEWSPAPER OF YOUR CHOICE:** _____

   ☒ **OTHER**, *explain* please mail citation to Plaintiff's counsel below_____

**ATTENTION:  Effective June1, 2010**

**For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back.  Thanks you,**

********************************************************************************************

**2.   NAME:**

   ADDRESS: _____
   AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

   **SERVICE BY** (*check one*):
   ☐ **ATTORNEY PICK-UP**                    ☐ **CONSTABLE**
   ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____ Phone: _____
   ☒ **MAIL**                                 ☐ **CERTIFIED MAIL**
   ☐ **PUBLICATION:**
        Type of Publication:   ☐ **COURTHOUSE DOOR,  or**
                               ☐ **NEWSPAPER OF YOUR CHOICE:** _____

   **OTHER**, *explain* please mail citation to Plaintiff's counsel below _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: Peter Costea _____  TEXAS BAR NO./ID NO. 04855900 ___

MAILING ADDRESS: 4544 Post Oak Place, Suite 350, Houston, Texas 77027 _____

PHONE NUMBER: 713 337 4304 _____   FAX NUMBER: 713 237 0401 ____

_____
area code        phone number                                      area code        fax number

EMAIL ADDRESS: peter@costealaw.com _____

> SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE.  SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
  _____ AMENDED PETITION
  _____ SUPPLEMENTAL PETITION

COUNTERCLAIM
  _____ AMENDED COUNTERCLAIM
  _____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
  _____ AMENDED CROSS-ACTION
  _____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
  _____ AMENDED THIRD-PARTY PETITION
  _____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
  _____ AMENDED INTERVENTION
  _____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
  _____ AMENDED INTERPLEADER
  _____ SUPPLEMENTAL INTERPLEADER

INJUNCTION
MOTION TO MODIFY
SHOW CAUSE ORDER
TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
  ORDER TO: _____
                          (specify)
  MOTION TO: _____
                          (specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION

Page 2 of 2

SUPERSEDEAS

Case 4:21-cv-03032   Document 1-2   Filed on 09/17/21 in TXSD   Page 14 of 19

9/16/2021 9:33 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 57301569
By: Lewis John-Miller
Filed: 9/16/2021 9:33 AM

CAUSE NO. 2021-40816

| | | |
|---|---|---|
| MARCUS J. MASON, | § | IN THIS DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALPHA SPACE TEST & RESEARCH ALLIANCE LLC | § | |
| | § | |
| | § | |
| *Defendant.* | § | 55TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL PETITION

Defendant Alpha Space Test & Research Alliance LLC ("Defendant") files this Original Answer, Defenses and Affirmative Defenses ("Answer") to the Original Petition ("Petition") filed by Plaintiff Marcus J. Mason ("Mason" or "Plaintiff"), and in support of the Answer, and respectfully show the Court as follows in support of this Answer:

### GENERAL DENIAL

As authorized by Texas Rule of Civil Procedure 92, Defendant enters a general denial of the matters pled in Plaintiff's Petition and requests that the Court require Plaintiff to prove each of his charges, claims, and allegations by a preponderance of the evidence or clear and convincing evidence as required by the Constitution and the laws of the State of Texas.

### DEFENSES AND AFFIRMATIVE DEFENSES

Subject to and without waiving their General Denial above, Defendant asserts the following defenses and affirmative defenses to Plaintiff's claim. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. Each defense is offered in the alternative and to the extent applicable.

1. The Petition does not state a claim upon which relief can be granted.

2. To the extent Plaintiff's claims or damages are barred by the applicable statutes of limitations, filing deadlines, or by laches, Defendant asserts those defenses.

3. Plaintiff's claims are barred to the extent that Plaintiff failed to exhaust his administrative remedies.

4. Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the charge of discrimination Plaintiff filed with the Equal Employment Opportunity Commission (EEOC) and/or Texas Workforce Commission – Civil Rights Division.

5. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's failed to comply with statutory and/or administrative deadlines, to comply with all administrative, jurisdictional and/or statutory prerequisites to filing suit, and/or to the extent Plaintiff failed to plead with the required particularity.

6. Defendant's employment decisions regarding or affecting Plaintiff were based upon legitimate, nondiscriminatory, and non-retaliatory business reasons that were in no way related to Plaintiff's alleged protected class or alleged protected activities.

7. To the extent Plaintiff asserts that a protected factor motivated any employment decision challenged by Plaintiff, Defendant affirmatively states that it would have made the same decision even absent any such protected factor. In such instance, Defendant reserves the right to assert a mixed motive defense.

8. Defendant's employment decisions regarding or affecting Plaintiff's employment were undertaken in good faith, on reasonable grounds that Defendant's actions complied with the law, including but not limited to 42 U.S.C. § 1981, Title VII of the Civil Rights Act and the applicable provisions of the Texas Labor Code (including but not limited to the Texas Commission

on Human Rights Act ("TCHRA")), and were not taken with malice or reckless indifference to Plaintiff's rights. Therefore, Plaintiff fails to state a claim for punitive damages.

9. To the extent any current or former employee of Defendant engaged in any allegedly improper, discriminatory and/or retaliatory acts against Plaintiff as alleged in the Complaint, such acts were outside the course and scope of that employee's employment, contrary to Defendant's policies, and were not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

10. Plaintiff's claims are barred and/or recovery of damages is precluded because Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory and/or harassing behavior or hostile work environment.

11. Plaintiff's claims are barred and/or recovery of damages is precluded because Defendant had in place a policy prohibiting the type of conduct of which Plaintiff complains, and Plaintiff unreasonably failed to take advantage of Defendant's preventative or corrective opportunities to avoid harm otherwise.

12. Plaintiff's claims for damages are barred or reduced by his failure to mitigate his alleged damages, by his failure to suffer actual damages and/or by his inability to prove actual damages.

13. Plaintiff's claims are subject to offset by interim earnings from alternative employment and payments from collateral sources, including employment that Plaintiff could or reasonably should have obtained.

14. Plaintiff's claims are barred in whole or in part to the extent discovery establishes that Plaintiff engaged in sufficient misconduct to establish that the after-acquired evidence doctrine applies.

15. Any and all damages claimed by Plaintiff, whether compensatory, punitive, actual, attorneys' fees or otherwise, are subject to all statutory caps, exclusions, and limitations. Plaintiff's claims for relief are barred to the extent they seek damages in excess of the limits imposed by applicable law.

16. To the extent that it might be determined that Plaintiff is are entitled to an award of exemplary damages, such damages are limited by the provisions of Section 41.008 of the Texas Civil Practice and Remedies Code, the TCHRA, Title VII, and/or any other federal or state law limiting such damages.

17. Plaintiff should not be awarded punitive damages because Defendant did not act with malice or reckless indifference to his legally protected rights.

18. Plaintiff's claim for punitive damages is barred to the extent that it is in violation of the Constitutions of the United States and/or the State of Texas, and/or any other applicable law.

19. To the extent Plaintiff's claims or damage requests are barred by the doctrines of estoppel, unclean hands, consent, ratification, privilege, justification, or waiver, Defendant asserts those defenses.

20. Defendant reserves the right to assert its additional or affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in the case.

## REQUEST FOR RELIEF

Based on the foregoing, Defendant requests that Plaintiff take nothing by his suit, that the Defendant recover its costs and reasonable attorneys' fees incurred, and that the Court grant it such additional and further relief to which it may show itself to be justly entitled.

**Dated:  September 16, 2021**           Respectfully submitted,

                                         **JACKSON LEWIS P.C.**

                                          */s/ Stephen E. Hart*
                                         Stephen E. Hart
                                         Texas Bar No. 00793911
                                         Stephen.Hart@JacksonLewis.com
                                         Joseph G. Galagaza
                                         Texas Bar No. 07572600
                                         Joseph.Galagaza@JacksonLewis.com
                                         717 Texas Avenue, Suite 1700
                                         Houston, Texas 77002
                                         Stephen Direct: (713) 568-7866
                                         Joseph Direct: (713) 568-7878
                                         Facsimile: (713) 650-0405

                                         **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that I filed *Defendant's Original Answer, Defenses and Affirmative Defenses to Plaintiff's Original Petition* with the Clerk of Court using the E-filing System on September 16, 2021, and served a true and correct copy of the filing on the following parties *via* the E-File System.

   Peter Costea
   4544 Post Oak Place, Suite 350
   Houston, Texas 77027
   peter@costealaw.com

                                          */s/ Stephen E. Hart*
                                         Stephen E. Hart

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Andrea Clarke on behalf of Stephen Hart
Bar No. 793911
andrea.clarke@jacksonlewis.com
Envelope ID: 57301569
Status as of 9/16/2021 10:30 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| peter costea | | costealaw@yahoo.com | 9/16/2021 9:33:25 AM | SENT |
| peter costea | | peter@costealaw.com | 9/16/2021 9:33:25 AM | SENT |
| Houston Docketing | | houstondocketing@jacksonlewis.com | 9/16/2021 9:33:25 AM | SENT |